**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

10-2513
_____

CHARLES GEORGE,

<u>Appellant</u>

v.

WILBUR CHOCOLATE CO. INC.,
TDBA Cargil Cocoa and Chocolate

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-08-cv-03893)
District Judge: Hon. Thomas M. Golden
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2011

BEFORE: FISHER, JORDAN and COWEN , <u>Circuit Judges</u>

(Filed April 27, 2011)

_____

OPINION
_____

COWEN, Circuit Judge.

Charles George appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting summary judgment in favor of his former employer, Wilbur Chocolate Co., Inc. ("Wilbur"), on his age discrimination claim. For the following reasons, we will affirm.

I.

Wilbur hired George in September 2007. At that time, George was fifty-nine years old. As a new employee, George was hired on a probationary basis and was assigned to work in a variety of temporary positions until the company found a permanent placement for him.

When George began work on October 1, 2007, he was assigned to a packing position. Unhappy as a packer, he asked to be reassigned. Several weeks later, he began training as a dry ingredient handler, but soon discovered that he could not meet the demands of that position due to his fear of heights. As a result, he was reassigned back to the packing unit, where he worked for another month. He then filled in temporarily as a lab assistant until the employee who was awarded the position on a permanent basis arrived.

On January 17, 2008, after he had been with the company for approximately three and a half months, George was terminated. Although he had been given a satisfactory evaluation for his work in the lab, the company indicated that it did not believe that he would succeed in other positions at the plant.

2

## II.

On August 15, 2008, George commenced this action against Wilbur in the United States District Court for the Eastern District of Pennsylvania. In the complaint, George claimed that Wilbur had unlawfully terminated him because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. Wilbur moved for summary judgment, and, by order entered April 28, 2010, the District Court granted its motion. George now appeals from the District Court's order.[1]

## III.

We will affirm the District Court's entry of summary judgment against George. As the District Court correctly noted, George's claim under the ADEA is governed by the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under McDonnell Douglas, the plaintiff bears the burden of proof and production to make out a prima facie case, which means that he must show that: (1) he is forty years of age or older; (2) the defendant took an adverse employment action against him; (3) he was qualified for the position in question; and (4) he was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus. Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009). "Once the plaintiff satisfies these elements, the burden of production shifts to the employer to identify a legitimate nondiscriminatory reason for the adverse employment

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over an appeal from a grant of summary judgment. Jacobs Constructors, Inc. v. NPS Energy Servs., Inc., 264 F.3d 365, 369 (3d Cir. 2001).

action." Id. at 690. If the employer does so, the burden of production returns to the plaintiff, who must demonstrate that the employer's proffered rationale was a pretext for age discrimination. Id. at 691.

Applying this analytical framework to George's claim, the District Court first found that he had failed to make out a prima facie case of age discrimination because he had failed to show that similarly situated individuals outside the protected category were treated more favorably than he. We agree. As the District Court explained, the two younger employees whom George claims were unfairly awarded permanent positions were not similarly situated to him: they worked on top of the tanker truck at a height George refused to work; they never expressed displeasure with any position; and they ascended into permanent placements through use of the bidding process, which George did not use. Furthermore, even assuming that George had been able to establish a prima facie case, we agree with the District Court that his claim would nonetheless fail because Wilbur offered a legitimate, nondiscriminatory reason for terminating him—namely, his poor overall job performance and his unwillingness to fulfill multiple roles—and George did not provide any evidence giving rise to a reasonable inference of pretext.

## IV.

For these reasons, we will affirm the judgment of the District Court.